# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL BALTES,** | : | No. 3:04cv2372 |
| **Plaintiff,** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **ARROWHEAD LAKE** | : | |
| **COMMUNITY ASSOCIATION, INC.** | : | |
| **and FRANK DeGRAND,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the Court for disposition are Defendants Arrowhead Lake Community Association, Inc. and Frank DeGrand's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). These matters have been briefed fully and are ripe for disposition. For the following reasons, we find that the Plaintiff has satisfied his burden of stating a claim upon which relief can be granted against both Defendants, and therefore, will deny the motions to dismiss.

**I. Background**[1]

This case involves an alleged deprivation of Plaintiff Michael Baltes's civil rights by Defendants Arrowhead Lake Community Association, Inc. ("Arrowhead"), and its head security guard, Defendant Frank DeGrand, on October 30, 2002. Plaintiff contends that while driving in Defendant Arrowhead's residential development, Arrowhead's security personnel chased him without reason, and continued the chase outside the development. During the chase, Plaintiff's

---

[1] Background facts are derived from Plaintiff's Complaint.

pursuers alerted Defendant DeGrand to the situation (including their familiarity with Plaintiff's identity and address), and DeGrand ordered them to continue pursuit.  Defendant DeGrand joined the chase and fired his gun at Plaintiff several times.  Defendant DeGrand and his subordinates apprehended Plaintiff, threw him from his car, and kicked, punched, and handcuffed him.  Plaintiff further alleges that an unidentified Arrowhead security guard pointed a gun at Plaintiff's head.

Plaintiff also asserts that Defendant Arrowhead's security contacted the Pocono Regional Police Department, which responded and released Plaintiff.  According to Plaintiff, he was never cited or charged by either Arrowhead security or by the Pocono Regional Police, but Defendant DeGrand was charged with several offenses, and later pled guilty to reckless endangerment and false reports as a result of this incident.  Several members of Defendant Arrowhead's security staff were charged with false reports and similar offenses.

Plaintiff filed a federal action under 42 U.S.C. § 1983, wherein he alleges Defendants, acting under color of state law, deprived him of his civil rights.  Plaintiff also filed several pendent state law claims.

Plaintiff's complaint contains six counts: 1) Violation of 42 U.S.C. § 1983; 2) Intentional Infliction of Emotional Distress; 3) False Arrest; 4) "Improper Supervision and Training"; 5) Assault and Battery; and 6) False Imprisonment.  The complaint seeks more than $100,000 in compensatory and punitive damages.

**II. Discussion**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). "A court should not dismiss a complaint under Rule 12(b)(6) for failure to state a claim for relief 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### A. Color of Law Standard

Defendants argue that Plaintiff's Complaint fails to state a claim under § 1983 because it does not allege Defendants acted under color of law. However, we find Plaintiff clearly alleges in his Complaint that Defendants acted under color of law.

Lugar v. Edmonson Oil Co., 457 U.S. 922, 931 (1982) sets out the applicable standard in § 1983 cases: Plaintiff must establish: 1) Defendants deprived him of a federally protected constitutional or statutory right, and 2) Defendants acted under color of state law. To show Defendants acted under color of state law, two elements must be present. First, the alleged constitutional deprivation resulted from either a) an exercise of a right or privilege having its source in state authority, or b) a rule of conduct imposed by the State or a person for whom the state is responsible. Id. at 937. Second, the Defendant "'could be described in all fairness'" as

a state actor. Brown v. Philip Morris Inc., 250 F.3d 789, 801 (3d Cir. 2001) (quoting Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991)). Any of the following three conditions satisfies this element: a) the Defendant "is a state official," b) the Defendant "acted together with or obtained significant aid from state officials," or c) the Defendant's "conduct is otherwise chargeable to the State." Lugar, 457 U.S. at 937.

The Supreme Court has employed several tests or factors to determine whether a private party's actions are "otherwise chargeable to the State," and thus "convert the party into a state actor." Id. at 937-38. These include the "public function" test, the "state compulsion" test, the "nexus" test, and the "joint action" test (Id. at 938-39), as well as the "symbiotic relationship" test. Brown, 250 F.3d at 801. Plaintiff relies on the public function analysis.

"Under the public function test, 'when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations.' . . . The provision of municipal services is a traditional public function for which a private party can be held accountable as a state actor." Robison v. Canterbury Village, Inc., 848 F.2d 424, 427 (3d Cir. 1988) (quoting Evans v. Newton, 382 U.S. 296, 299 (1966)). Moreover, it is not enough that a private group serves a public function; instead, "the question is whether the function performed has been 'traditionally the exclusive prerogative of the State.'" Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982) (citations omitted).

In the case *sub judice*, Defendants do not argue that Plaintiff failed to plead the first prong of the Lugar test – that Defendants deprived him of a constitutional right. The key issue

is whether Plaintiff pled a set of facts which, if accepted as true, demonstrate Defendants acted under color of state law.

To establish Defendants acted under color of state law, Plaintiff's claims must show that the deprivation of his rights resulted from an exercise of a right or privilege having its source in state authority, or a rule of conduct imposed by the State or a person for whom the state is responsible. No "rule of conduct" is in question here; the applicable portion of this element is an exercise of a right or privilege having its source in state authority. Lugar, 457 U.S. at 937. Plaintiff asserts Defendants pursued him on a public roadway, ostensibly for his commission of a traffic offense. (Pl.'s Compl. ¶¶ 12, 15.) Taking all inferences in his favor, he also states that, pursuant to state law, Defendant Arrowhead provided its security guards with the authority to function as police officers, including the authority to arrest, cite, and fine citizens, and carry firearms and handcuffs. (Id. ¶¶ 9, 32.) Here, Plaintiff sufficiently has alleged that Defendants acted pursuant to statutory authority.

Finally, Plaintiff also must establish Defendants fairly could be called state actors. Brown, 250 F.3d at 801. Plaintiff will satisfy this element if he successfully illustrates Defendants acted to serve a public function. Private parties may become state actors through their "provision of municipal services." Robison, 848 F.2d at 427. Because police work is a type of municipal service, and because at this stage we make all inferences in favor of Plaintiff, he could establish facts showing Defendants' acts converted them into state actors – thus fulfilling this element of the Lugar test. On the issue of whether Defendants acted under color of state law, we do not find that "it appears beyond doubt that the plaintiff can prove no set of

5

facts in support of his claims which would entitle him to relief." Conley, 355 U.S. 41, 45-46 (1957).  Therefore, Plaintiff has met his burden of stating a claim upon which relief may be granted.

### B.  Criminal Sanctions and Their Effect on a § 1983 Claim

Defendants next assert they cannot be held liable as state actors because the security officers faced criminal sanctions stemming from the acts in question.  (Def. Arrowhead's Br. in Supp. 7; Def. DeGrand's Br. in Supp. 4.)  We find it premature to address this issue without factual development regarding the source of the alleged state authority.  Under certain factual scenario, "[t]he plaintiffs' allegation that [the defendant] misused her power . . . does not deprive her actions of the imprimatur of state authority."  Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990).  The possibility that Defendants abused their power does not preclude them from having acted under color of state law.

### C.  Negligence Under § 1983

Defendant Arrowhead also argues Plaintiff's claims against it are based solely on negligence, and therefore cannot support a § 1983 claim.  We find Plaintiff's claims are not based solely on negligence.  "[M]ere negligence is insufficient to trigger constitutional liability."  Fagan v. City of Vineland, 22 F.3d 1296, 1305 (3d Cir. 1994).  Thus Plaintiff's allegations of negligence do not advance the § 1983 action.  However, reckless or grossly negligent acts may support a claim under § 1983.  Id.; *see also* Colburn v. Upper Darby Township, 838 F.2d 663, 668 (3d Cir. 1988).  Plaintiff pled Defendants acted "willfully," "intentionally," "maliciously," "outrageous[ly]," and "in gross disregard" for Plaintiff's rights.

6

(Pl.'s Compl. ¶¶ 33, 35, 41, 54.)  When Plaintiff's claimed facts are accepted as true, firing upon a motorist after a minor traffic offense undoubtedly could be viewed as reckless or outrageous.  Thus, his claims are not based solely on negligence.

### D.  Vicarious Liability Under § 1983

Lastly, Defendant Arrowhead argues it cannot be held vicariously liable for its employees' actions.  We find Arrowhead can be held liable if it is shown to have acted with deliberate indifference.  "Section 1983 will not support a claim based on a *respondeat superior* theory of liability."  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  But a municipality may be liable for a failure to train its police force, if its failure "amounts to 'deliberate indifference to the [constitutional] rights of persons with whom the police come in contact.'"  Woloszyn v. County of Lawrence, 396 F.3d 314, 324 (3d Cir. 2005) (quoting Colburn v. Upper Darby Township, 946 F.2d 1017 (3d Cir.1991)).  Making all inferences in Plaintiff's favor, Defendant Arrowhead – a residential association – may be viewed as having acted in the role of a municipality, for the purpose of furnishing a security force.

Plaintiff asserts Defendant Arrowhead failed to train and supervise its security force. (Pl.'s Compl. ¶¶ 25-28.)  Whether or not the alleged failure to train rises to the Woloszyn level of deliberate indifference is a factual question.  Many of Plaintiff's claims involve Arrowhead's staff, and not Arrowhead.  But on the issue of Arrowhead's potential liability under § 1983, Plaintiff has set forth facts which, if true, may entitle him to relief.

### III.  Conclusion

For the above stated reasons, we find the Plaintiff has stated a claim upon which relief

can be granted against both Defendants. Therefore, we will deny Defendant Arrowhead's and Defendant DeGrand's Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL BALTES,** | : | No. 3:04cv2372 |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **ARROWHEAD LAKE** | : | |
| **COMMUNITY ASSOCIATION, INC.** | : | |
| **and FRANK DeGRAND,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 20th day of July 2005, Defendant Arrowhead's motion to dismiss (Doc. 3) and Defendant DeGrand's motion to dismiss (Doc. 13) are hereby **DENIED.**

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**